# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SURALEB, Inc.,

                       Plaintiff,

                              **Case No. 10-C-104**

      -vs-

PRODUCTION ASSOCIATION "MINSK
TRACTOR WORKS," REPUBLIC OF
BELARUS,

                       Defendant.

## DECISION AND ORDER

Pursuant to a contract executed in 2000, Suraleb, Inc. ("Suraleb") collected property

due on certain debts on behalf of Production Association "Minsk Tractor Works" ("MTW"),

a company owned and operated by the Republic of Belarus. In return, MTW agreed to pay

Suraleb a percentage of the recovered value. The parties disagreed about the worth of the

collected assets, so they submitted to arbitration in Stockholm, Sweden. In 2006, the

arbitration panel issued an award in favor of Suraleb. This award was confirmed by the

United States District Court for the Northern District of Illinois. *Suraleb, Inc. v. Production

Association "Minsk Tractor Works"*, Case No. 06-3496 (N.D. Ill.).

In an attempt to execute on certain assets located in Wisconsin, Suraleb brought the

instant lawsuit in Milwaukee County Circuit Court. MTW is an agency or instrumentality

of a foreign state under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§

1603(a), (b). Therefore, MTW's removal was proper under 28 U.S.C. § 1441(d), which

provides that any civil action against a "foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending."

Unbeknownst to MTW, the circuit court dismissed Suraleb's action for want of prosecution just seven days prior to removal, but the state court's dismissal does not invalidate the subsequent removal. "The proper analysis in determining whether a removable case existed does not examine whether the order was final at the time entered, but whether the order was still subject to the state court's modification or jurisdiction at the time of removal." *Holmes v. AC & S, Inc.*, 388 F. Supp. 2d 663, 668 (E.D. Va. 2004); *Aiken v. Waffle House, Inc.*, 509 F. Supp. 2d 541, 545 (D.S.C. 2007). The dismissal order was subject to modification in state court under Wis. Stat. § 806.07, which allows motions for relief from judgment to be filed within a "reasonable time . . . not more than one year after the judgment was entered . . ." This Court can now vacate the order of dismissal and proceed accordingly. *See Laney ex rel. Laney v. Schneider Nat. Carriers, Inc.*, 259 F.R.D. 562, 565 (N.D. Okla. 2009) ("After removal of an action to federal district court, '[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court'") (quoting 28 U.S.C. § 1450).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to

-2-

Case 2:10-cv-00104-RTR   Filed 06/25/10   Page 2 of 6   Document 15

dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly* at 570. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1950 (2009). Ultimately, a defendant is owed "fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "Our system operates on a notice pleading standard; *Twombly* and its progeny do not change this fact." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009); *Smith v. Duffey*, 576 F.3d 336, 339-40 (7th Cir. 2009) (noting courts' over reliance on *Twombly*).

In federal court, a "money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Therefore, Wisconsin law applies, but any enforcement against MTW's property must also comply with the FSIA, 28 U.S.C. §§ 1602-1611.

The complaint alleges that MTW owns "certain property located" in Milwaukee consisting of "a lot and various commercial buildings of less than two acres." D. 1-1, Exhibit A, ¶¶ 15-16. The complaint further alleges that MTW "owns certain personal property, which is in the possession of Suraleb, consisting of parts, inventory, cars, computers, desks, trademarks and other inchoate rights belonging to MTW." *Id.* at ¶ 17. MTW argues that these allegations do not meet the specific requirements of the FSIA. *See* §§ 1610(a), (b).

-3-

"The FSIA says that immunity from execution is waived only for specific '*property*.' As a result, in order to determine whether immunity from execution or attachment has been waived the plaintiff must identify specific property upon which it is trying to act." *Autotech Tech. LP v. Integral Research & Dev. Corp.*, 499 F.3d 737, 750 (7th Cir. 2007) (emphasis in original). The Court "cannot give a party a blank check when a foreign sovereign is involved . . . The only way the court can decide whether it is proper to issue the writ is if it knows which property is targeted." *Id.*

MTW's arguments are more appropriately raised, if necessary, when Suraleb actually attempts to execute on the property that was generally identified in the complaint. It is true that the complaint requests an Order of Attachment and Execution, but the Court is not in a position to issue a writ of execution because it hasn't been moved to issue one. This was the procedure followed by the district judge in Illinois when Suraleb attempted to execute on certain property. There is no reason to treat this case differently, as MTW suggests, simply because this is an enforcement action in the first instance. As it stands, the complaint easily states a plausible claim for relief under the FSIA and gives MTW sufficient notice of the claims brought by Suraleb.

MTW argues that the complaint should include more detail because the immunity of a foreign sovereign is at stake. In *Iqbal*, the Supreme Court was concerned with "the inroads into the defense of official immunity – which is meant to protect the officer from the burden of trial and not merely from damages liability – that allowing implausible allegations to defeat a motion to dismiss would make." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir.

-4-

2009). However, this is not a traditional lawsuit. It is a supplementary proceeding to enforce a judgment. While supplementary proceedings can, for some purposes, be "fruitfully analogized to regular civil proceedings, the analogy becomes strained when procedure at the trial level is in issue. Proceedings to enforce judgments are meant to be swift, cheap, informal." *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993). Accordingly, the burdens of discovery and trial are not a relevant concern.

In the alternative, MTW moves to dismiss that portion of the complaint which attempts to state a claim against intangible property – "trademarks and other inchoate rights belonging to MTW." The sale of a trade name or mark apart from its goodwill constitutes an invalid "assignment in gross." *Marshak v. Green*, 746 F.2d 927, 929 (2d Cir. 1984). To effect a valid transfer, Suraleb would have to either take over MTW's tractor business ("go on in real continuity with the past") or "use [the mark] in connection with substantially the same business or service [so that the] public is not deceived." *Bambu Sales, Inc. v. Sultana Crackers, Inc.*, 683 F. Supp. 899, 904-05 (E.D.N.Y. 1987); *Defiance Button Machine Co. v. C & C Metal Prods.*, 759 F.2d 1053, 1060 (2d Cir. 1985). Correspondingly, MTW would be forced to discontinue the business activities associated with its trademark – the production of tractors in Belarus. No provision in the FSIA allows a federal court to order a foreign corporation to stop doing business in a foreign country. More specifically, while the "situs of intangible property is about as intangible a concept as is known to the law," *Tabacalera Severiano Jorge, S.A. v. Standard Cigar Co.*, 392 F.2d 706, 714 (5th Cir. 1968), the situs of MTW's goodwill is most likely its place of incorporation and doing business – Belarus. *Cf.*

-5-

*FG Hemisphere Ass. LLC v. Republique du Congo*, 455 F.3d 575, 589 (5th Cir. 2006) ("to satisfy the § 1610 exception to immunity, the property must be in the United States when the district court authorizes execution").  Even if the FSIA does not stand as a bar to Suraleb's claim, Wisconsin law does not appear to authorize this type of execution on intangible property. *See, e.g., Matter of Jermoo's Inc.*, 38 B.R. 197, 206 (W.D. Wis. 1984) ("While real property and tangible property can be reached by judgment creditors upon execution – Wis. Stat. § 815.05 – executions upon some kinds of intangible personal property are difficult to envision. . . . [For example], it is hard to imagine execution upon a debtor's right to continue in business under a dealership contract"); *Matter of Leonard*, 125 F.3d 543, 545 (7th Cir. 1997) (under Illinois law, only tangible property may be seized by the sheriff pursuant to a writ of execution).  Therefore, Suraleb's claims for execution upon MTW's trademark and goodwill must be dismissed as a matter of law.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1.      Suraleb's motion for leave to file a surreply [D. 14] is **GRANTED**;

2.      MTW's motion to dismiss [D. 9] is **DENIED-IN-PART** and **GRANTED-IN-PART**, consistent with the foregoing opinion.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2010.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**